IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Robert Graham, Jr., | ) | C.A. No. 6:11-595-MBS-KFM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Robert Graham, Jr. ("Petitioner") is a prisoner in custody of the South Carolina Department of Corrections. On March 16, 2011, Petitioner filed a pro se motion to set aside his November 7, 1997 state criminal conviction and sentence. Petitioner styled the action "Notice and Motion to Set Aside Judgment" and noted that the motion was being brought under Fed. R. Civ. P. 60(B)(1-5). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the action was referred to United States Magistrate Judge Kevin F. McDonald for review.

On April 8, 2011, the Magistrate Judge issued an order stating that he construed the Petitioner's action as a petition for habeas corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge explained that since Petitioner appeared to be alleging that his state court conviction was invalid because of fraud perpetrated upon the state court and because the state court lacked personal jurisdiction, the action was substantively a petition for habeas corpus. The Magistrate Judge stated that although Petitioner is attempting to bring the action under Fed. R. Civ. P. 60(b), such motion is not applicable to a state court judgment. Lastly, the Magistrate Judge directed Petitioner to bring the case into proper form by May 2, 2011 and notified the Petitioner that failure to do so may result in the case being dismissed for failure to prosecute.

On April 18, 2011, Petitioner filed a motion to dismiss his case without prejudice, noting that he sought to dismiss the "28 U.S.C. § 2254 without prejudice to exhaust state remedies." On April 21, 2011, the Magistrate Judge issued a Report and Recommendation in which he recommended that Petitioner's motion be granted; however, due to a clerical error, Petitioner's action was referred to in the Report as being brought pursuant to 42 U.S.C. § 1983. On May 6, 2011, Petitioner filed objections to the Magistrate Judge's Report, challenging the characterization of his action as a § 1983 action. In his objections, Plaintiff attempted to clarify that his motion was being brought under Fed. R. Civ. P. 60(b) and asked the court to "grant it or remand it to sentencing court with instructions and to waive the premature motion for further exhaustion."

On January 25, 2012, the Magistrate Judge filed an amended Report and Recommendation correcting only his mistaken reference to the action as a 42 U.S.C. § 1983 action and recommending that Petitioner's motion to dismiss be granted. On February 8, 2012, Petitioner filed objections to the amended Report. Petitioner objected to the recommendation that his motion to dismiss be granted. Petitioner also objected to the Magistrate Judge's characterization of the action as a petition for habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner argues that in his original objections filed on May 6, 2011, he clarified that his action should be considered on its merits as a motion for relief pursuant to Fed. R. Civ. P. 60(b)(1-6). He reiterated that the court should grant this motion. Petitioner also states that he will be "highly prejudiced if a ruling is brought again him, because he is without the ability to object and would ask the court for an evidentiary hearing in the case."

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with

this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

It first appears that Petitioner seeks to withdraw his motion to dismiss without prejudice, insisting that his case be evaluated on the merits. In his first set of objections, Petitioner stated that the court should "waive the premature motion for further exhaustion," referring to the motion to dismiss. In his second set of objections, Petitioner states that he "objects to report and recommendation for motion to be granted to exhaust remedies." The court finds that Petitioner wishes to withdraw his motion to dismiss. Thus, the motion to dismiss is DENIED as MOOT.

In his second set of objections, Petitioner objects to the Magistrate Judge's classification of the action as a petition for habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner insists that his case be reviewed on the merits as a Fed. R. Civ. P. 60(b) motion.

In United States v. Winestock, 340 F.3d 200 (4th Cir. 2003), the Fourth Circuit held that in determining whether to construe a motion as being brought pursuant to Rule 60(b) or as a collateral review application (ie., a habeas corpus petition), a motion directly attacking the prisoner's conviction or sentence will usually amount to a habeas corpus petition, while a motion seeking a remedy for some defect in the collateral review process itself, may be deemed a proper motion to reconsider under Rule 60(b). Id. at 207. See also, Gonzalez v. Crosby, 545 U.S. 524 (2005). Regardless of how a party captions a pleading, any post-judgment motion in a criminal proceeding that fits the description of habeas corpus petition is a habeas corpus petition. United States v. Evans, 224 F.3d 670, 672 (7th Cir. 2000).

The court finds no error in the Magistrate Judge's classification of the action as a petition for habeas corpus pursuant to 28 U.S.C. § 2254.  In this case, Petitioner's action is challenging the legality of his state conviction and sentence, which in substance is the basis for an action pursuant to 28 U.S.C. § 2254.  Petitioner is not seeking to remedy a defect in the collateral review process, an example of which would be a defect in the court's disposition of any prior habeas corpus petitions filed by Petitioner.  Petitioner misunderstands the import of Rule 60(b), which provides that a federal district court may provide relief from its own civil judgments. Rule 60(b) does not authorize a federal district court to review a state criminal conviction and judgment, as is the case here.  Without determining whether the instant action is a successive habeas corpus petition, the court finds that it is required to construe the case as the Magistrate Judge did, as an action pursuant to 28 U.S.C. § 2254.  Despite Petitioner's insistence, the court cannot review this action as a Rule 60(b) motion pursuant to the Federal Rules of Civil Procedure.

If Petitioner wishes the court to review his petition for habeas corpus pursuant to 28 U.S.C. § 2254, he is required to bring his action into proper form, as was explained to him in the Magistrate Judge's April 8, 2011 order.  The court hereby orders Petitioner to bring this case into proper form as outlined in the attached instructions, which are identical to those provided to Petitioner in the April 8, 2011 order.  If Petitioner does not bring this case into proper form within 24 days of the date this order is filed, the case may be dismissed for failure to prosecute and comply with an order of this court under Rule 41 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

                s/ Margaret B. Seymour
                Margaret B. Seymour
                Chief United States District Judge

February 15, 2012
Columbia, South Carolina

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Graham, #178039, <br> *aka Robert Graham, Jr.,* <br>       Petitioner, <br><br> vs. <br><br> State of South Carolina, <br>       Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C/A No. 6:11-595-MBS-KFM <br><br><br> **ORDER** |

  This is a civil action which has been construed as a petition for habeas corpus relief under 28 U.S.C. § 2254. Petitioner is a prisoner. Therefore, in the event that a limitations issue arises, Petitioner shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988)(prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**TO PETITIONER**:

  This case is not in proper form. **If Petitioner does not bring this case into proper form within the time permitted under this Order, this case may be dismissed for failure to prosecute and comply with an Order of this Court under Rule 41 of the Federal Rules of Civil Procedure.**

  Under General Order, *In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, No. 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007), the undersigned United States Magistrate Judge is giving Petitioner **twenty-one (21) days** from the date this Order is entered (plus three days for mail time) to:

  Pay the five-dollar ($5) filing fee for a habeas corpus action, *or* complete and return the Form AO 240 (application to proceed *in forma pauperis*) attached to this Order. If Petitioner decides to pay the five-dollar ($5) filing fee for a habeas corpus action, the check for the filing fee should be made payable to "Clerk, U.S. District Court."[1]

  Petitioner must place the civil action number listed above (C/A No. 6:11-595-MBS-KFM) on any document Petitioner submits to this Court pursuant to this Order. ***In the meantime,***

---

[1] Petitioner styles this action as a "Notice and Motion to Set Aside Judgement" attacking the November 7, 1997 judgment of conviction and sentence entered against him in the state court of South Carolina. The Petition refers to Rule 60(b) of the Federal Rules of Civil Procedure, however, which is not applicable in state court. It appears that Petitioner is alleging that his state court conviction is invalid because of fraud perpetrated upon the state court and because the state court lacked personal jurisdiction of Petitioner. Thus, this Court has construed the instant case as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, for which the filing fee is $5.

*service shall not be authorized until the items specified above have been reviewed by the assigned United States Magistrate Judge*.

Any future filings in this case must be sent to the Clerk of Court, 300 East Washington Street, Room 239, Greenville, South Carolina 29601. All documents requiring Petitioner's signature shall be signed with Petitioner's full legal name written in Petitioner's own handwriting. *Pro se* litigants shall *not* use the "s/typed name" format used in the Electronic Case Filing System. In all future filings with this Court, Petitioner is directed to use letter-sized (8½ inches by 11 inches) paper only, to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper. Petitioner is further instructed not to write to the edge of the paper, but to maintain one inch margins on the top, bottom, and sides of each paper submitted.

Petitioner is a *pro se* litigant. Petitioner's attention is directed to the following important notice:

You are ordered to always keep the Clerk of Court advised **in writing (300 East Washington Street, Room 239, Greenville, South Carolina 29601**) if your address changes for any reason, so as to assure that Orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this Court, **your case may be dismissed for violating this Order.** Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket number of all pending cases you have filed with this Court. Your failure to do so will not be excused by the Court.

**TO THE CLERK OF COURT**:

The Clerk shall mail a copy of this Order and the proper form document(s) to Petitioner. If Petitioner fails to provide any item listed above to the Clerk of Court within the period prescribed in this Order, the Clerk of Court shall forward the file to the assigned United States District Judge to determine if this case should be dismissed. *See In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007). If, however, Petitioner provides this Court with the items listed above, the Clerk of Court should forward the file to the assigned United States Magistrate Judge to determine if service should be authorized.

The Clerk of Court shall not enter any change of address submitted by Petitioner which directs that mail be sent to a person other than Petitioner unless that person is an attorney admitted to practice before this Court who has entered a formal appearance.

**IT IS SO ORDERED**.

April 8, 2011                                                          s/Kevin F. McDonald
Greenville, South Carolina                                 United States Magistrate Judge

2

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

| | ) | |
|---|---|---|
| *Plaintiff/Petitioner* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| *Defendant/Respondent* | ) | |

**APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**
**(Short Form)**

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: _____ .
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name.  I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.*  If I am employed, my employer's name and address are:

My gross pay or wages are:  $ _____ , and my take-home pay or wages are:  $ _____ per
*(specify pay period)* _____ .

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

(a) Business, profession, or other self-employment     ❐ Yes     ❐ No
(b) Rent payments, interest, or dividends              ❐ Yes     ❐ No
(c) Pension, annuity, or life insurance payments       ❐ Yes     ❐ No
(d) Disability, or worker's compensation payments      ❐ Yes     ❐ No
(e) Gifts, or inheritances                             ❐ Yes     ❐ No
(f) Any other sources                                  ❐ Yes     ❐ No

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

    4.  Amount of money that I have in cash or in a checking or savings account:  $ _____ .

    5.  Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:

    6.  Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:

    7.  Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

    8.  Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:

    *Declaration:*  I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: _____

                                                          *Applicant's signature*

                                                          *Printed name*